COUNTRYWIDE HOME LOANS, INC., Plaintiff/Counterclaim Defendant/Appellee,
v.
CHURCH OF HAWAII NEI, Defendant/Cross-Claim Defendant/Appellant, and
CITY AND COUNTY OF HONOLULU, Defendant/Counterclaimant/Cross-Claimant/Cross-Claim Defendant/Appellee, and
WALTER ROBERT SCHOETTLE, Defendant/Cross-Claimant/Cross-Claim Defendant/Appellee and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10, Defendants-Appellees, and
LAURA T. TAKAHASHI AND SUNSET BEACH PROPERTIES, LLC, Real Parties in Interest/Appellees
No. 28482
Intermediate Court of Appeals of Hawaii
June 29, 2009.
On the briefs:
Andre S. Wooten for Appellant Church of Hawaii Nei.
Duane W.H. Pang, Deputy Corporation Counsel, City and County of Honolulu, for Appellee City and County of Honolulu.
Steven T. Iwamura and Robert M. Ehrhorn, Jr. (Clay Chapman Crumpton Iwamura & Pulice) for Appellee Countrywide Home Loans, Inc.
William J. Deeley, Dennis W. King, and John Winnicki (Deeley, King & Pang) for Appellees Laura T. Takahashi and Sunset Beach Properties, LLC

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.
Defendant/Cross-Claim Defendant/Appellant Church of Hawaii Nei (CHN) appeals from the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintifffs Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed February 22, 2006, Filed September 25, 2006" (Judgment) filed on January 30, 2007 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment in favor of Plaintiff/Counterclaim Defendant/Appellee Countrywide Home Loans, Inc. (Countrywide) and against CHN, Defendant/Counterclaimant/Cross-Claimant/Cross-Claim Defendant/Appellee City and County of Honolulu (the City), and Defendant/Cross-Claimant/Cross-Claim Defendant/Appellee Robert Schoettle (Schoettle).
On appeal, CHN contends (1) the circuit court erred by granting Countrywide's September 25, 2006 "Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed February 2[2], 2006" where CHN was not in arrears on its mortgage payments; (2) the circuit court erred by denying CHN's "Motion for New Trial and or Reconsideration and Recission of Order Granting Plaintiff Countrywide Home Loans, Inc.'s Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Entered January 30, 2007,"[2] indicating a bias on the part of the judge; (3) CHN's right to religious freedom was violated; (4) CHN is entitled to injunctive relief because Appellees' actions denied it the opportunity to continue to practice its religion; (5) Countrywide and the City violated the Religious Freedom Restoration Act; and (6) CHN is entitled to damages for the loss of its land if the circuit court does not restore the property to CHN. CHN asks this court to vacate the judgment and remand the case.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve CHN's points of error as follows:
The circuit court was not wrong in granting summary judgment and a decree of foreclosure. "A foreclosure decree is only appropriate where all four material facts have been established: (1) the existence of the [a]greement, (2) the terms of the [a]greement, (3) default by [a]ppellants under the terms of the [a]greement, and (4) the giving of the cancellation notice and recordation of an affidavit to such effect." IndyMac Bank v. Miguel, 117 Hawai`i 506, 520, 184 P.3d 821, 835 (App. 2008) (internal quotation marks, citation, and brackets in original omitted).
In the instant case, the record establishes that: (1) CHN took title to the property subject to the Note and Mortgage; (2) pursuant to section 6(C) of the Note and sections 4, 6, and 17 of the Mortgage,[3] Countrywide had two grounds to accelerate and demand full payment of outstanding sums when (a) Kamuela Price conveyed the property to CHN and Schoettle without Countrywide's consent and (b) CHN defaulted by risking material impairment of Countrywide's security interest in the property[4]; (3) Countrywide properly notified CHN of the loan acceleration and provided CHN thirty days to pay the outstanding sum; and (4) CHN failed to pay the outstanding sum by the deadline as well as by the time of the filing of Countrywide's Complaint. CHN, therefore, defaulted on its Mortgage.[5]
Where no genuine issues of material fact exist with respect to CHN's default claim, the circuit court properly granted Countrywide's motion for summary judgment and decree of foreclosure and did not deny CHN its right to a fair and full trial.
As to CHN's remaining claims, CHN's brief fails to provide any discernible argument and, therefore, fails to comply with Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b)(7). Accordingly, we deem the issues waived. HRAP Rule 28(b)(7); Taomae v. Lingle, 108 Hawai`i 245, 257, 118 P.3d 1188, 1200 (2005) (observing that appellate court may disregard a particular contention if appellant makes no discernible argument in support of that position).
Therefore,
IT IS HEREBY ORDERED that the "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed February 22, 2006, Filed September 25, 2006" filed on January 30, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Karen N. Blondin presided.
[2] CHN filed this motion twice on February 9, 2007  once at 12:40 p.m. and again at 2:44 p.m. On March 23, 2007, the circuit court entered an order in which the court denied both motions.
[3] Specifically, the Note provided:

6. BORROWER'S FAILURE TO PAY AS REQUIRED
. . . .
(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.
The Mortgage stated:
4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument .... Borrower shall pay these obligations in the manner provided in paragraph 2., or if not paid in that manner. Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.
Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender1s opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.
. . . .
6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. . . . Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest.
(Emphases added.) The Mortgage also provided:
17. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.
If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.
(Emphases added.)
[4] It is undisputed that CHN used the property in violation of the City's zoning and land use codes, accumulated $667,100.00 in civil fines and penalties ($436,337.30 of which the City attached to the property as a lien), and received notice that the City would be conducting a tax sale of the property, thereby risking material impairment to Countrywide's security interest.
[5] CHN's contention that it was never behind on its monthly mortgage payments, even when viewed in the light most favorable to CHN, does not change the fact that CHN defaulted on its Mortgage on two separate grounds.